

## NUMBER 13-08-00221-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

BRIAN CHRISTOPHER TREVINO, Appellant,

v.

THE STATE OF TEXAS, Appellee.

On appeal from the 377th District Court
of Victoria County, Texas.

# MEMORANDUM OPINION

**Before Justices Yañez, Garza, and Vela**
**Memorandum Opinion Per Curiam**

Appellant, Brian Christopher Trevino, attempted to perfect an appeal from a conviction for injury to a child, elderly or disabled individual. We dismiss the appeal for want of jurisdiction.

Judgment of conviction was rendered on March 6, 2008. No motion for new trial was filed. Notice of appeal was filed on April 18, 2008. On April 18, 2008, the Clerk of this

Court notified appellant that it appeared that the appeal was not timely perfected. Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. On August 8, 2008, the Clerk of this Court again notified appellant that it appeared the appeal was not timely perfected and requested a response within ten days. On October 6, 2008, appellant filed a motion to extend time to file appellant's notice of appeal on the basis the request to appeal the case was not made to counsel until April 18, 2008.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed. Tex. R. App. P. 26.2(a)(1). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* 26.3. The appellant's notice of appeal filed with the trial court on April 18, 2008, asked for permission to file a late notice of appeal. Although the notice of appeal herein was filed within the 15-day time period for filing a motion for extension of time to file notice of appeal, no such motion for extension of time was filed with this Court until October 6, 2008. *See id.*

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). "When a notice of appeal is filed within the fifteen-day period but no timely motion for extension of time is filed, the appellate court lacks jurisdiction." *Olivo*, 918 S.W.2d at 522. Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the

appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (Vernon 2005); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeal is DISMISSED FOR WANT OF JURISDICTION.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this the 30th day of October, 2008.